IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>PolyMedix, Inc.,<br><br>Debtor. | Chapter 7<br><br>Case No. 13-10689 (BLS) |
| In re:<br><br>PolyMedix Pharmaceuticals, Inc.,<br><br>Debtor. | Chapter 7<br><br>Case No. 13-10690 (BLS) |

**APPLICATION OF JEOFFREY L. BURTCH, CHAPTER 7 TRUSTEE, PURSUANT TO 11 U.S.C. §§ 327(e), 328 AND 330, FOR APPROVAL OF RETENTION AND EMPLOYMENT OF PEPPER HAMILTON LLP AS SPECIAL IP COUNSEL TO THE TRUSTEE, *NUNC PRO TUNC* TO THE PETITION DATE**

Jeoffrey L. Burtch, as chapter 7 trustee (the "Trustee") of the estates of PolyMedix, Inc. and PolyMedix Pharmaceuticals, Inc. (collectively, the "Debtors"), moves (the "Application") this Court, pursuant to 11 U.S.C. § 327(e), 328 and 330, for the entry of an order approving the Trustee's retention and employment of the law firm of Pepper Hamilton LLP ("Pepper Hamilton"), to serve as special intellectual property ("IP") counsel to the Trustee, *nunc pro tunc* to the Petition Date (as hereinafter defined). In support of this Application, the Trustee relies upon the Declaration of Jeffrey P. Libson, a partner at Pepper Hamilton (the "Libson Declaration") attached hereto as **Exhibit A**. In further support of this Application, the Trustee states as follows:

### Background

1. On April 1, 2013 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 7 of title 11 of the United States Code (11 U.S.C. §§

101, *et seq.* as amended, the "Bankruptcy Code"), commencing the above-captioned cases (the "Cases").

2. Prior to the Petition Date, Pepper Hamilton provided legal services to the Debtors in such areas as corporate matters, litigation matters and IP matters. Pepper Hamilton served as counsel to the Debtors in the filing of these Cases.

3. On or about April 2, 2013, the United States Bankruptcy Court for the District of Delaware appointed the Trustee to serve as chapter 7 trustee in each of the Cases.

### Jurisdiction and Venue

4. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The bases for the relief requested herein are sections 327(e), 328 and 330 of the Bankruptcy Code, Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

### Relief Requested

5. By this Application, the Trustee seeks authority, pursuant to sections 327(e), 328(a), and 329 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rule 2014-1, to employ and retain Pepper Hamilton as special IP counsel. The Trustee respectfully requests that the Court approve the employment of Pepper Hamilton in accordance with the terms and conditions set forth in (a) this Application, as more fully described in the Libson Declaration, and (b) that certain engagement letter, dated April 16, 2013, between the Trustee and Pepper Hamilton (the "Retention Letter"), a copy of which is attached hereto as **Exhibit B**.

-2-

#18303094 v3

6. The professional services that Pepper Hamilton will render to the Trustee include, but shall not be limited to, the following (collectively, the "IP Matters"):

    a. coordinating general patent prosecution tasks for U.S. and foreign patent applications to maintain their pendency with the appropriate patent office and

    b. performing all other legal services and providing all other legal advice requested by the Trustee with respect to IP matters.

7. Pepper Hamilton has agreed to act on behalf of, and to render such services to the Trustee.

### Basis for Relief Requested

8. Section 327(e) of the Bankruptcy Code authorizes a trustee, upon approval of the Court, to retain counsel "for a specified purpose" if (a) "in the best interest of the estate" and (b) "such attorney does not represent or hold any interest adverse to the debtor or the estate with respect to the matter on which such attorney is to be employed." 11 U.S.C. § 327(e). As explained more fully below, the Trustee believes the employment of Pepper Hamilton is in the best interests of the Debtors, their estates, and creditors. Additionally, as set forth herein and in the Libson Declaration, Pepper Hamilton does not represent or hold any interest adverse to the Debtors or their estates with respect to the IP Matters. Accordingly, the Trustee respectfully submits that the Court should approve the employment and retention of Pepper Hamilton as IP counsel.

9. The Trustee seeks to retain Pepper Hamilton as IP counsel because of (a) Pepper Hamilton's national reputation and extensive knowledge, expertise, and experience in the area of IP law, and (b) Pepper Hamilton's intimate familiarity with the Debtors and their IP issues. For several years prior to the Petition Date, Pepper Hamilton provided services and advice to the Debtors related to IP law, rules and regulations and represented the Debtors before

#18303094 v3

the United States Patent and Trademark Office. As a result, Pepper Hamilton is intimately familiar with the facts, law, and parties involved in the Debtors' IP matters.

10. Pepper Hamilton's familiarity and experience in the Debtors' IP matters are invaluable to the Trustee in his liquidation efforts, especially since IP is one of the Debtors' major assets. The Trustee submits that Pepper Hamilton's knowledge, expertise, and experience with respect to the Debtors' IP issues will enable Pepper Hamilton to work in an efficient and cost-effective manner on behalf of the estates, thereby preserving the value of such IP for the benefit of the Debtors' creditors. Were the Court to require the Trustee to retain counsel other than Pepper Hamilton in connection with the IP matters on which Pepper Hamilton's advice is sought, the Debtors, their estates, and all parties in interest would be unduly prejudiced by the time and expense necessary to replicate Pepper Hamilton's ready familiarity with the relevant IP matters.

11. The Trustee respectfully submits that Pepper Hamilton is well-qualified and uniquely able to provide the specialized legal advice sought by the Trustee on a going-forward basis in connection with the IP Matters in an efficient and effective manner, and Pepper Hamilton's retention as IP counsel is in the best interests of the Debtors and their estates.

### Disinterestedness

12. To the best of the Trustee's knowledge, information and belief, and except as may be disclosed herein or set forth in the accompanying Libson Declaration, which is attached hereto as **Exhibit A**, Pepper Hamilton nor its partners, counsel or associates (a) are creditors, equity security holders or insiders of the Debtors, (b) are or were, within two years before the Petition Date, directors, officers or employees of the Debtors, (c) hold or represent any interest materially adverse to the interest of the Debtors' estates with respect to the matters on which Pepper Hamilton is to be employed and (d) are related to any judge of this Court, the

United States Trustee for the District of Delaware (the "U.S. Trustee") or any employee of the U.S. Trustee in this District, except that Edward C. Toole, Jr., who is of counsel at Pepper Hamilton, is the husband of The Honorable Mary F. Walrath, Judge of this Court.

13. Pepper Hamilton has approximately $699,229.50 in accrued fees and approximately $79,231.34 in accrued expenses in connection with legal services provided to the Debtors prior to the Petition Date that have not been paid by the Debtors. Of this amount, approximately $422,080.50 in accrued fees and approximately $5,788.66 in accrued expenses relate to the Securities Litigation (defined below), for which insurance proceeds may be used to satisfy these amounts (with all rights of Pepper Hamilton to seek payment of these amounts from the estates fully preserved). Pepper Hamilton is not holding any retainer on behalf of the Debtors.

14. Prior to the Petition Date, Pepper Hamilton was retained to represent PolyMedix, Inc. ("PolyMedix") and three of PolyMedix's former officers, Edward Smith, Nicholas Landekic and Eric McAllister (collectively, the "Officers") in a putative class action filed against PolyMedix and the Officers (the "Securities Litigation"). The action was filed in the United States District Court for the Eastern District of Pennsylvania, purportedly on behalf of a class of PolyMedix investors who purchased publicly traded securities between March 7, 2011 and May 10, 2012 and is styled *In re Anderson v. PolyMedix, Inc., et al.* (Case No. 2:12-cv-03721-MAM) (E.D. Pa.). The complaint in the Securities Litigation generally alleges violations of Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), Rule 10b-5 promulgated thereunder and Section 20(a) of the Exchange Act in connection with various public statements made by PolyMedix. Pepper Hamilton continues to represent the Officers in the

Securities Litigation. Pepper Hamilton's continued representation of the Officers in the Securities Litigation does not constitute an interest adverse to the Debtors or their estates.

15. The Trustee has consented to Pepper Hamilton representing the Officers in the Securities Litigation and any other causes of actions that the Trustee may assert against the Officers in these chapter 7 cases. The Officers have consented to Pepper Hamilton serving as IP counsel to the Trustee.

### Compensation

16. Pursuant to section 328(a) of the Bankruptcy Code, the Trustee may retain Pepper Hamilton on any reasonable terms and conditions. The Trustee submits that the most reasonable terms and conditions are those charged by Pepper Hamilton to other clients on an hourly basis in a competitive market for legal services. Therefore, the Trustee and Pepper Hamilton have agreed that Pepper Hamilton shall be paid its customary hourly rates for services that are in effect from time to time and shall be reimbursed according to Pepper Hamilton's customary reimbursement policies and in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and applicable guidelines established by the Office of the U.S. Trustee (the "U.S. Trustee Guidelines"), for all services performed and expenses incurred after the Petition Date related to Pepper Hamilton's role as IP counsel.

17. Pepper Hamilton categorizes its billings by subject matter, in compliance with the U.S. Trustee Guidelines. Pepper Hamilton agrees to charge, and the Trustee has agreed to pay, subject to this Court's approval under sections 330 and 331 of the Bankruptcy Code, the U.S. Trustee Guidelines, Bankruptcy Rule 2016 and the Local Rules, Pepper Hamilton's hourly rates, as of the Petition Date, which are adjusted from time to time. As of the date hereof, Pepper Hamilton's current hourly billing rates for those lead professionals anticipated to work on these Cases are:

#18303094 v3

| Professional Type/Title | Name of Professional | Hourly Rate |
|---|---|---|
| Partner (IP) | Paul K. Legaard | $540 |
| Paralegal (IP) | Lisa Machado | $235 |
| Of Counsel (Bankruptcy) | Evelyn J. Meltzer | $430 |
| Paralegal (Bankruptcy) | Christopher A. Lewis | $240 |

The hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions and are typically reviewed by Pepper Hamilton at the beginning of the calendar year. Pepper Hamilton will also utilize additional partners, associates and other professionals and para-professionals to the extent necessary to perform the services required. Such other persons shall also charge for services in accordance with Pepper Hamilton's ordinary and customary hourly rates for such persons in effect on the date services are rendered.

18. Additionally, Pepper Hamilton is customarily reimbursed for all expenses it incurs in connection with its representation of a client in a given matter. Such expenses include, without limitation, travel costs, telecommunications, express mail, messenger service, photocopying costs, document processing, computerized research charges, court fees and transcript costs. Upon the request of Pepper Hamilton, the Trustee shall advance to Pepper Hamilton fees to be paid to third parties (such as foreign agent fees). Pepper Hamilton agrees to charge, and the Trustee has agreed to reimburse, Pepper Hamilton for all expenses incurred on behalf of the Trustee.

19. Pepper Hamilton acknowledges that all amounts paid to Pepper Hamilton during these Cases are subject to final allowance by this Court. Pepper Hamilton therefore intends to apply to this Court for allowance of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, Bankruptcy Rules, Local Rules and orders of this Court for all services performed and expenses incurred after the Petition Date.

#18303094 v3

20. No arrangement is proposed between the Trustee and Pepper Hamilton for compensation to be paid in these Cases other than as set forth above and in the Libson Declaration.

## Conclusion

21. No prior request to employ Pepper Hamilton as IP counsel in this matter has been made to this or any other court.

WHEREFORE, the Trustee respectfully requests the entry of an order, substantially in the form attached hereto, (i) approving the Trustee's employment of Pepper Hamilton as special IP counsel to the Trustee, *nunc pro tunc* to the Petition Date and (ii) granting the Trustee such other and further relief as this Court deems just and proper.

Dated: May 29, 2013  
Wilmington, Delaware

Respectfully submitted,

Jeoffrey L. Burtch, Chapter 7 Trustee  
of the estates of PolyMedix, Inc. and  
PolyMedix Pharmaceuticals, Inc.

By: _____  
COOCH AND TAYLOR, P.A.

#18303094 v3