**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| POLYMEDIX PHARMACEUTICALS, INC., | ) | Case No. 13-10690-BLS |
| et al., | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | Re: D.I. 59 |
| | ) | **Objection Deadline: June 17, 2013 at 4:00 p.m.** |
| | ) | **Hearing Date: June 24, 2013 at 10:30 a.m. (ET)** |

**CHAPTER 7 TRUSTEE'S OBJECTION TO**
**MOTION OF RADNOR PROPERTIES-SDC, L.P.**
**FOR RELIEF FROM STAY UNDER SECTION 362 OF THE BANKRUPTCY CODE**

Jeoffrey L. Burtch, Chapter 7 Trustee (the "Trustee") for the estates of debtors PolyMedix, Inc. ("PolyMedix") and PolyMedix Pharmaceuticals, Inc. ("PM Pharma" and, together with PolyMedix, the "Debtors") hereby objects to the Motion of Radnor Properties-SDC L.P. (the "Landlord") for Relief From Stay Under Section 362 of the Bankruptcy Code (the "Landlord's Motion").

In support of this Objection, the Trustee states as follows and submits the accompanying Affidavit Pursuant to Local Rule 4001-1(c), at Exhibit A hereto.

**BACKGROUND**

1. In addition to the facts set forth by Landlord, the Trustee submits that the following additional facts are relevant to the Court's determination of Landlord's Motion.

2. Under the heading "Fixed Rent"; Security Deposit," the Lease provides that PolyMedix, as "Tenant", shall cause delivery of a letter of credit to Landlord "in order to secure compliance and performance by Tenant of all the terms and conditions of the Lease . . ." Lease at Article 5(c). The Lease also defines "Security Deposit": as "Originally $1,400,000 in the form

1

of a letter of credit reducing in accordance with Article 5." Lease at Article 1(f).  The "Summary of Defined Terms" and the complete text of Article 5 are attached hereto at Exhibit B.

3.    On or about November 24, 2010, TD Bank, N.A. (the "Bank") issued an amended standby letter of credit (the "Letter of Credit") in the amount of One Million Four Hundred Thousand Dollars ($1,400,000.00) for the benefit of Landlord as security for the Lease.[1]  D.I. 63 at ¶¶ 1, 5.  In accordance with the Lease, the amount of the Letter of Credit was automatically reduced to an amount of One Million Dollars ($1,000,000.00) on December 11, 2011, the fifth anniversary of the Lease.  D.I. 63 at ¶ 2 and Ex. D.

4.    The Letter of Credit is secured by a cash deposit in Certificate of Deposit Account No. 4733270782 with the Bank (the "CD Account") that is owned and maintained by PM Pharma, as "Pledger" under and "Guarantor" of the Master Letter of Credit Agreement between the Bank and PolyMedix, as "Borrower."  D.I. 63 and Ex. A-C.

5.    On June 11, 2013, the Bank filed a separate Motion for Relief From Automatic Stay Pursuant to 11 U.S.C. § 362 (the "Bank's Motion"), which is noticed for hearing on July 24, 2013.  D.I. 63.

6.    The Bank's Motion discloses for the first time material information not previously provided to the Court or the Trustee by Landlord.  Specifically, **on April 5, 2013 – only four days after the Petition Date – the Landlord made demand on the Bank to redeem the entire amount of the Letter of Credit.  D.I. 63 at ¶ 7 and Ex. E.  In response to this demand, the Bank paid One Million Dollars ($1,000,000.00) to Landlord by wire transfer on April 12, 2013.  *Id.* at ¶ 8 and Ex. F.**

---

[1] Terms not otherwise defined herein shall have the same meaning as ascribed in the Motion.

7.     The Bank's Motion seeks relief from the automatic stay, in part, to setoff the One Million Dollars paid to Landlord from the cash balance in the CD Account (of approximately $1.06 million) that secures the Letter of Credit.  D.I. 63.

### TRUSTEE'S OBJECTIONS

8.     The Trustee has both procedural and substantive objections to the relief sought by Landlord's Motion.

### A.     Procedural Objections

9.     As an initial matter, the Landlord's request for relief is not supported by affidavit or an accounting or accompanied by copies of the Lease and/or any other documents that support its claim to relief, as required by Delaware Local Bankruptcy Rule ("Local Rule") 4001-1(c).[2]

10.     Of additional concern is that the notice of Landlord's Motion was provided only to counsel for the Chapter 7 Trustee, raising due process concerns because service was not provided, as required by Local Rule 4001-1(a), to Debtors' counsel, the Office of the United States Trustee, parties who expressly requested notice (D.I. 11, 16, 18, 32 and 57), and other interested parties including counsel for the Debtors' secured lender.

### B.     Substantive Objections

11.     The Trustee requests that Landlord's Motion be denied because (i) Landlord is adequately protected by the One Million Dollar cash proceeds of the Letter of Credit and (ii) continued use of the laboratory portion of the leasehold is necessary to the Trustee's pending sale efforts.

---

[2] Because Landlord's Motion was not accompanied by the support required by L.R. 4001(c), the Trustee reserves all rights to further object to any support subsequently offered by Landlord, as well as to any other or further relief Landlord may seek.

i.    **Landlord Is More Than Adequately Protected**

12.    Landlord's Motion states immediate relief is necessary because there is "no collateral" for the amounts due Landlord under the Lease. D.I. 59, ¶10. While it is true that there no longer is a security deposit in letter of credit form, that is solely because Landlord has redeemed the Letter of Credit and converted the security deposit into One Million Dollars cash. D.I. 63 at ¶ 8 and Ex. F.

13.    The One Million Dollar cash security deposit currently in the possession of the Landlord is substantially in excess of the $117,220.84 amount Landlord has calculated in its Motion as owing under the Lease. D.I. 59 at ¶ 6. With fixed rent accruing at the rate of only $58,610.00 per month, Landlord's rental income is adequately protected for more than one (1) year from the Petition Date. However, as discussed in paragraphs 18-19 below, it is not anticipated that the Trustee will require more than a small portion of the leasehold beyond a three to four (3-4) month period.

14.    The Trustee therefore requests (a) a determination that the One Million Dollar proceeds of the Letter of Credit constitute "adequate protection" under Section 361 of the Bankruptcy Code; (b) an order requiring the Landlord to escrow the One Million Dollar cash security deposit, which shall be immediately available to Landlord to pay any rent amounts due under the Lease as those amounts became due, as well as to pay any other amounts approved by order of this Court; and (c) a monthly accounting from the Landlord of any amount(s) disbursed from the security deposit escrow account. Alternately, the Trustee is willing to place the One Million Dollar cash security deposit in a segregated Trustee account to pay the amounts due under the Lease or as ordered by the Court, as those amounts become due.

ii.     <u>**Leasehold Is Critical To Trustee's Sale Efforts**</u>

15.     Since the Petition Date, the Trustee has focused his efforts on preparing to sell the Debtors' assets under Section 363 of the Bankruptcy code, as a successful asset sale offers the only possible recovery for the unsecured creditors of the Debtors' estates.

16.     The most valuable assets of the Debtors' estates are believed to be their intellectual properties (the "IP Portfolio"). The IP Portfolio consists, in part, of proprietary pharmaceutical compounds and methods of delivery. Certain of these compounds are antimicrobial compounds, which offer potential applications as antibiotics for the treatment of tuberculosis, malaria and other human infections both common and rare. The proprietary delivery methods include "one-dose" treatment protocols that increase the ease of administration and increase drug efficacy by eliminating the human error that frequently occurs during prolonged dosage regimens.

17.     One of the compounds and methods of delivery in the IP Portfolio is currently the subject of an Initial New Drug Application (an "INDA") pending approval before the Food and Drug Administration ("FDA"). The INDA compound was in Phase II (human) Clinical Trial Stage (the "FDA Clinical Trial") on the Petition Date.

18.     The Debtors' former Chief Medical Officer, Dr. Daniel Jorgensen, has advised Trustee's counsel that the protocol for the FDA Clinical Trial requires the Laboratory and all records relating to the trial to be carefully maintained according to FDA regulations and available for FDA inspection at any time. In Dr. Jorgensen's view, any failure to preserve the Laboratory and records pending an asset sale would require a successful bidder to restart the clinical trial from the beginning and likely result in the loss of the two (2) years' work already

invested in the clinical trial.  The subsequent delay in getting the INDA compounds to market would affect their value, and possibly also impact the public health.

19.    Accordingly, the Trustee believes continued possession of the Laboratory – which comprises only 25-35% of the leasehold – is necessary to maximize the value of the Debtors' assets during the 363 sale.  It is anticipated that the Trustee's sale efforts will be completed within 90 to 120 days.  Burtch Affidavit at ¶ 7.

20.    Although it is possible that the successful bidder may wish to take assignment of the Lease, the Trustee's counsel has advised counsel for the Landlord that the Trustee is amenable to vacating the non-Laboratory (office) portion of the leasehold (comprising of 65-75% of the floor space) on as little as thirty (30) days' notice, if that would be helpful to Landlord's efforts to mitigate its damages.  Burtch Affidavit at ¶ 8.

## CONCLUSION

For the reasons set forth above, the Trustee respectfully requests that:

(a)    The Landlord be ordered to escrow (the "Escrow") the One Million Dollars ($1,000,000.00) in cash proceeds from the Letter of Credit as continued Security Deposit for the Lease;

(b)    The Landlord be permitted to immediately satisfy any rent due under the Lease or any other amounts permitted by the Court from the Escrow, as those amounts become due or permitted;

(c)    The Landlord provide the Trustee with a monthly accounting of any amounts disbursed from the Escrow;

(d)    The Escrow be deemed to constitute "adequate protection" under Section 361 of the Bankruptcy Code for the Debtors' obligations under the Lease;

(e)      The Landlord's Motion be DENIED; and

(f)      The automatic stay be permitted to continue in full force and effect until the completion of the Trustee's 363 sale efforts, not to exceed 120 days without consent of the Landlord or further order of the Court.

Dated:  June 17, 2013                                   Respectfully submitted,


                                                        /s/ Dale R. Dubé _____
                                                        Dale R. Dubé (Del. Bar No. 2863)
                                                        COOCH AND TAYLOR, P.A.
                                                        The Brandywine Building, 10th Floor
                                                        1000 West Street
                                                        Wilmington, DE  19801
                                                        PH:   (302) 984-3800
                                                        FAX:  (302) 984-3939
                                                        Email: ddube@coochtaylor.com

                                                        *Counsel for Chapter 7 Trustee*

7